IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES JR., <br><br> Petitioner, <br><br> v. <br><br> COMMISSIONER KIM M. LUHN et al., <br><br> Respondents. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT AMENDED PETITION** <br><br> Case No. 2:19-CV-205-RJS <br><br> Chief District Judge Robert J. Shelby |

Petitioner, Ronald Joseph Jones Jr., now held at Men's Resource Center, filed a *pro se* habeas-corpus petition, under 28 U.S.C.S. § 2254 (2020) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Reviewing the Petition, (ECF No. 7), the Court concluded that it must be amended to cure deficiencies if Petitioner wished to further pursue his claims.

Instead of following the Court's Order to file an amended *habeas petition*, Petitioner then filed "Amended Complaint," (ECF No. 16), a civil-rights complaint, brought under 42 U.S.C.S. § 1983 (2020). This is an inappropriate document to file in this habeas-corpus case. For instance, the filing fee paid in this habeas-corpus case was $5, while the filing fee for a civil-rights case is $350. 28 *id.* § 1914. The Court rejects Amended Complaint here. If Petitioner wishes to bring before the Court the issues raised in Amended Complaint, he must file them in a new civil-rights case. Meanwhile, the Court offers Petitioner another chance to file an adequate habeas-corpus

petition in this case, reminds Petitioner of the deficiencies of his original petition, and repeats guidance on the general expectations for an adequate petition.

### REPEATED: DEFICIENCIES IN PETITION

Petition:

(a)  appears to primarily challenge protective order in state court regarding Petitioner vis-à-vis his family, though protective order itself is not challengeable in habeas-corpus petition meant to attack only conviction and/or sentencing.

(b)  lists respondent other than his custodian.

(c)  does not appear to observe federal habeas-corpus standard of review, stating:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2019).

(d)  has claims possibly based on illegality of Petitioner's current confinement; however, petition apparently not submitted using legal help Petitioner entitled to by his institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### REPEATED: INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition:
(a) Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)
(b) Petitioner must clearly state whom his custodian is and name that person (warden or ultimate supervisor of imprisonment facility) as the respondent. *See* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.
(c) Federal rule requires the petition to:

>  (1) specify all the grounds for relief available to the petitioner;
>  (2) state the facts supporting each ground;
>  (3) state the relief requested;

      (4) be printed, typewritten, or legibly handwritten; and
      (5) be signed under penalty of perjury by the petitioner or
   by a person authorized to sign it for the petitioner under 28 U.S.C.
   § 2242.

R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(d) Petitioner may generally not bring civil-rights claims as to conditions of confinement in a habeas-corpus petition.

(e) Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2019); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

(f) Petitioner should get help to prepare initial pleadings from legal resources available where he is held.

## O R D E R

  **IT IS HEREBY ORDERED** that:

(**1**) Petitioner's "Amended Complaint" is **STRICKEN** as an inappropriate filing. (ECF No. 16.) Petitioner shall have a **FINAL THIRTY DAYS** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

(**2**) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to directions.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** For the same reasons stated in the Court's denial of Petitioner's first motion for appointed counsel, (ECF No. 13), Petitioner's second motion for appointed counsel is **DENIED**. (ECF No. 18.) As the Court noted in its earlier order, "if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf." (ECF No. 13.) No further motions of this nature are needed.

**(5)** Petitioner's second motion for service of process is **DENIED**. (ECF No. 17.) There is no valid petition on file here as of this Order. Further, if a valid petition is later filed, no prompting is needed for the Court to order an answer from Respondent. Rs. 4 & 5, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

**(6)** Petitioner's second motion to proceed in forma pauperis is **DENIED** as moot. (ECF No. 19.) His first such motion, (ECF No. 1), was granted, (ECF No. 6).

        DATED this 14th day of October, 2020.

                        BY THE COURT:

                        CHIEF JUDGE ROBERT J. SHELBY
                        United States District Court